IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

NICOLE MARIE SUCHOWSKI,

                      Plaintiff,                      ORDER

  v.

                                                  12-cv-865-wmc

CAROLYN W. COLVIN,
Acting Commissioner Social Security Administration,

                      Defendant.

      This is an action for judicial review of an adverse decision of the Commissioner of Social Security brought pursuant to 42 U.S.C. § 405(g). Nicole Marie Suchowski contends that the Administrative Law Judge ("ALJ") erred in finding that she was not disabled under the statute. Since the ALJ's proposed Residual Functional Capacity ("RFC") finding fails to account for deficiencies in her concentration, persistence and pace ("CPP") in direct violation of settled Seventh Circuit case law, the court is of the opinion that remand is required, but will give the Commissioner an opportunity to respond before ordering remand and such other relief as necessary to deter her apparent unwillingness to confess obvious error.

      Specifically, Suchowski contends that the RFC formulation and related questions to the vocational expert failed to account for her CPP limitations despite crediting medical experts identifying such deficiencies. (Pl.'s Opening Br. (dkt. #12) 2.) For example, Dr. Hurlbutt opined that while Suchowski "could understand, remember, and carry out simple instructions . . . [she] might have some problems getting along *with supervisors and coworkers and difficulty with concentration and attention and work pace as well as difficulty with stress and change*." (AR 32.) (emphasis added.) Since the ALJ purported to give this opinion "great weight," Suchowski argues persuasively that the limitations

identified by Dr. Hurlbutt should have been proposed to the vocational expert, citing the Seventh Circuit's decision in *O'Connor–Spinner v. Astrue*, 627 F.3d 614 (7th Cir. 2010). In that case, the court held that an ALJ must orient a vocational expert to the "totality of a claimant's limitations," including limitations in "concentration, persistence and pace." *Id*. at 609; *see also Craft v. Astrue*, 539 F.3d 668, 677-78 (7th Cir. 2008) (limiting hypothetical to simple, unskilled work does not account for claimant's difficulty with memory, concentration, or mood swings); *Young v. Barnhart,* 362 F.3d 995, 1003-1004 (7th Cir. 2004); *Travis v. Astrue*, 2009 WL 3422770 (W.D. Wis. 2009) (the ALJ's reference to "simple, repetitive work" in the RFC failed to adequately account for moderate limitations in CPP).

This is hardly the first time that the Commissioner has stubbornly refused to acknowledge the import of *O'Connor-Spinner*. Indeed the Seventh Circuit has gone as far so to state that, "The Commissioner continues to defend the ALJ's attempt to account for mental impairments by restricting the hypothetical to "simple" tasks, and we and our sister courts continue to reject the Commissioner's position." *Stewart v. Astrue*, 561 F.3d 679, 685 (7th Cir. 2009). This court, too, has repeatedly echoed these sentiments, so far to no avail as have other district courts.[1]  While the entire Social Security Administration, certainly including overburdened ALJs, have been given the Herculean

---

[1] *See e.g., Nancy Traver-Musselman, Nancy V. Carolyn Colvin*, 12-CV-423 2014, WL 1007302 at *8 (W.D. Wis. March 14, 2014). In *Traver-Musselman*, Dr. Ludvigson's mental limitations were not put to the vocational expert despite the ALJ purporting to assign great weight to that opinion.  There, too, the Commissioner was unable to articulate any reason why *O'Connor–Spinner* did not control and mandate a remand.  *Id.*, at 8. *See also*, *Amy Marchel v. Astrue*, 12-CV-47 (W.D.Wis., Nov. 16, 2012).  Moreover, the Western District of Wisconsin is hardly alone in its repeated application of the *O'Connor-Spinner* mandate to the confliction of CPP findings and RFC formulation by ALJs. *See Gray v. Astrue*, 2009 WL 1228632 (N.D. Ind. May 1, 2009); *McGee v. Astrue*, 770 F.Supp.2d 945, (E.D.Wis. 2011) (remand for use of simple, routine, repetitive when moderate CPP found); *Kell v. Astrue*, 2011WL 2970891 (S.D. Ind., July 21, 2011) ("(T)he ALJ's failure to include a moderate difficulty in concentration, persistence, and pace in his hypothetical question to the VE requires remand.").

task of moving a mountain of claims, this does not excuse burdening the courts, plaintiffs and indeed its own lawyers with obviously meritorious appeals requiring remand.

Here, the ALJ found moderate limitations in CPP. (AR 28) With respect to Suchowski's concentration, the ALJ found that she was "forgetful, distractible, and procrastinates especially when she is not taking her medication." (*Id.*) This finding is supported by Dr. Hurlbutt's opinion noting that Suchowski has "difficulty with concentration and attention . . . as well as difficulty with stress and change." (AR 32.) With respect to persistence and pace, these moderate limitations in CPP were qualified, and the Commissioner contends adequately reflected in the RFC limitation that Suchowski could undertake work so long as the tasks are *"only routine and repetitive tasks that do not require public contact or more than occasional contact with co-workers*."[2] (AR 30.) Even if the court were to assume that these limitations were adequate as to persistence and pace, contrary to prevailing case law, the RFC lacks *any* even arguable reference to more severe limitations in Suchowski's concentration found by the ALJ and substantiated by all three consulting physicians' opinions.

Because the ALJ did not translate these limitations into the RFC (or propose these limitations to the vocational expert in follow up questions), this case starkly mirrors many of the other CPP cases that the Seventh Circuit, this court and other district courts have repeatedly found require remand, only a fraction of which are addressed above. Compounding the court's concern with the Commissioner's refusal to confess obvious error is her glaring failure to point to any of the exceptions recognized in *O'Connor–*

---

[2] Notably, there is also no reference Dr. Hurlbutt's opinion, finding that Suchowski had difficulty with supervisors. This, too, seems problematic because the limitation has not been translated into the RFC when great weight was assigned to Dr. Hurlbutt's opinion. An ALJ must "explain how material inconsistencies in the evidence in the case record were considered and resolved." *See* SSR 96–8p; *Huber v. Astrue*, 395 F. App'x 299, 302 (7th Cir. 2010).

*Spinner,* no doubt in recognition that none even arguably apply. Indeed, the Commissioner's brief lacks any meaningful analysis while attempting to distinguish this case from *O'Connor–Spinner,* among others. (Def.'s Resp. Br. (dkt. #13).)

In light of this record, the court directs the Commissioner to advise within 14 days why remand is *not* required and double attorney fees and costs should not be awarded to plaintiff as a sanction. If the Commissioner concludes before that time that remand *is* necessary, the parties are instructed to stipulate to a remand pursuant to sentence four of Section 205 of the Social Security Act, 42 U.S.C. § 405(g), including reasonable fees and costs awarded to plaintiff. Any stipulation should make reference to the deficiencies recognized in this order, along with any other arguably meritorious deficiencies that are raised in briefing to assist the ALJ on remand.

## ORDER

IT IS ORDERED that the Commissioner shall advise why remand is not required and double fees and costs are not awarded to plaintiff on or before May 2, 2014.

Entered this 18th day of April, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge