IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

NICOLE MARIE SUCHOWSKI,

                    Plaintiff,                    OPINION & ORDER

v.

                                                12-cv-865-wmc

CAROLYN W. COLVIN,
Acting Commissioner Social Security Administration,

                    Defendant.

      Plaintiff Nicole Marie Suchowski brings this action for judicial review of an adverse decision of an Administrative Law Judge ("ALJ") pursuant to 42 U.S.C. § 405(g), finding that she was not disabled under the Social Security Act. Specifically, she contends that the ALJ's Residual Functional Capacity ("RFC") finding and subsequent questions proposed to the vocational expert failed to account for her deficiencies in concentration, persistence and pace ("CPP") despite medical experts identifying such deficiencies. (Pl.'s Opening Br. (dkt. #12) 2.)

      For the reasons set forth below, the court will remand the case to the Commissioner for further hearings without imposing additional sanctions.

I.      Merits

      In an order dated April 18, 2014, this court identified seemingly obvious deficiencies in the ALJ's decision that required remand. (Dkt. #15.) Before ordering remand, however, the court directed the Commissioner to stipulate to remand or to provide supplemental briefing why summary remand and double costs should not result

in the face of these deficiencies. *Id.*; *see generally O'Connor–Spinner v. Astrue*, 627 F.3d 614 (7th Cir. 2010) ("among the limitations the VE [Vocational Expert] must consider are deficiencies in concentration, persistence and pace"); *Craft v. Astrue*, 539 F.3d 668, 677-78 (7th Cir. 2008) (limiting hypothetical to simple, unskilled work does not account for claimant's difficulty with memory, concentration, or mood swings).[1]

The Commissioner contends that while the ALJ did not use the "magic words" concentration persistence and pace in formulating Suchowski's RFC, he properly relied upon alternative phrasing to accommodate for these limitations. In particular, the Commissioner points to the ALJ's finding that there was "no impairment in Suchowki's ability to maintain adequate task in persistence and pace, *so long as [the] tasks [are] routine and repetitive and do not require public contact or frequent contact with coworkers.*" (AR 28.) Because this italicized passage was incorporated into the RFC, the Commissioner contends that the ALJ addressed Suchowki's limitations, citing *Renley v. Colvin*, No. 13-cv-242, 2014 WL 896615, *1 (W.D. Wis., March 6, 2014). The problem with this argument is that it applies where only limitations of persistence and pace are found, not where credible limitations in concentration were also found in the medical record.[2]

---

[1] *See also Nancy Traver-Musselman, Nancy V. Carolyn Colvin*, 12-CV-423 2014, WL 1007302 at *8 (W.D. Wis. March 14, 2014); *Amy Marchel v. Astrue*, 12-CV-47 (W.D.Wis., Nov. 16, 2012); *Gray v. Astrue*, 2009 WL 1228632 (N.D. Ind. May 1, 2009); *McGee v. Astrue*, 770 F.Supp.2d 945, (E.D.Wis. 2011) (remand for use of "simple, routine, repetitive" in RFC as substitute for finding of moderate CPP); *Kell v. Astrue*, 2011WL 2970891 (S.D. Ind., July 21, 2011).

[2] The Commissioner contends that the ALJ addressed limitations in concentration, in part, but there is no express finding in the decision other than it was a moderate limitation. While Suchowiski noted that she read books, she also noted that she was forgetful, distractable and procrastinates. There is no clear finding as to how this evidence was reconciled, which in itself constitutes error. SSR 96–8p (the ALJ must "explain how material inconsistencies in the evidence in the case record were considered and resolved").

Here, Dr. Hurlbut opined that while Suchowski "could understand, remember, and carry out simple instructions . . . [she] might have some problems getting along with supervisors and coworkers and difficulty with *concentration and attention* . . . as well as difficulty with stress and change." (AR 32.) (emphasis added.) These limitations in concentration and attention should have been incorporated into the RFC since the ALJ purported to give Dr. Hurlbut's opinions "great weight." (AR 32.) Even if, for some inexplicable reason, the ALJ *intended* that this additional limitation for concentration not be incorporated into the RFC, the ALJ's opinion still falls short because it failed to address an obvious inconsistency with Dr. Hurlbut's opinion. *See Huber v. Astrue*, 395 F. App'x 299, 302 (7th Cir.2010); *Conrad v. Barnhart*, 434 F.3d 987, 991 (7th Cir. 2006); SSR 96–8p (an ALJ must "explain how material inconsistencies in the evidence in the case record were considered and resolved.")

In an unsuccessful attempt at salvaging the ALJ's opinion, the Commissioner cites several opinions in support in its supplemental briefing filed on May 2, 2014. As noted, the first of these was *Renly,* but that case did not involve credible evidence, much less findings of, limitations in concentration and attention as described in Dr. Hurlbut's report. 2014 WI 896615, at *3. The other decision was *Patton v. Astrue*, No. 1:12-cv-00135, 2012 WL 6094180, *11-14 (S.D. Ind., Dec. 7, 2012), but it, too, does little to further the Commissioner's position. Indeed, the decision would seem to cut the other way because the ALJ in *Patton* relied upon alternative phrasing that accommodated *all* the relevant evidence in the record. Specifically, the ALJ found that the claimant's difficulties in CPP were accommodated provided that he had no more than occasional

interaction with (a) the public, (b) co-workers, and (c) supervisors. *Id.* at 11-14. In this case, the ALJ only made accommodations for (a) and (b). No mention is made of Suchowski's limitation as to supervisors.[3] Even if the formulation approved in *Patton* proves to be good law, then the RFC formulated in this case falls short and requires remand.

For the reasons set forth here, as well as those is the court's earlier decision, remand is clearly required.

## II.   Sanctions

The Commissioner was also directed to provide briefing on whether double costs should be granted in this case if she refused to stipulate to remand. After reviewing the Commissioner's brief, the court finds this remains a very close question. On one hand, the Commissioner did not alleviate the court's concern regarding the ALJ's treatment of Dr. Hurlbut's opinions; on the other, the Commissioner made a reasonable effort to explain why the ALJ's alternative reasoning accommodated at least two of the three limitations in concentration, persistence and pace.

Given these competing factors, the court finds that the Commissioner acted in good faith in defending the ALJ's decision from remand, albeit quite unsuccessfully. Notwithstanding this finding, the Commissioner is now on notice that should a similar

---

[3] The court noted in its order dated April 18, 2014, that Suchowski's difficulty with supervisors should have been translated into the RFC when great weight was assigned to Dr. Hurlbutt's opinion. The fact that the Commissioner did not meaningful address this issue only reinforces the need for the ALJ to consider same on remand. An ALJ must "explain how material inconsistencies in the evidence in the case record were considered and resolved." *See* SSR 96–8p.

case come before this court -- and especially if the court were to request supplemental briefing on the question of frivolousness -- this court may well grant double costs in the future as a sanction.

ORDER

IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Commissioner of Social Security, denying plaintiff Nicole Marie Suchowski's application for disability benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered this 7th day of May, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge